# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-1144V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

DUKE DUQUETTE,

        Petitioner,

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Filed: May 16, 2016

Decision by Proffer; Damages;
Tetanus-diphtheria-acellular pertussis
("Tdap") Vaccine; Complex Regional Pain
Syndrome ("CRPS"); Lymphadenopathy.

*Howard S. Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Michael P. Milmoe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

      On November 24, 2014, Duke Duquette filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered from Complex Regional Pain Syndrome ("CRPS") and lymphadenopathy as a result of receiving the Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on June 13, 2012.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On May 13, 2016, Respondent filed a proffer proposing an award of compensation.[3] In the proffer, Respondent indicated that after reviewing the petition and medical records filed in this case the medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have determined that compensation is appropriate. Respondent specifically indicated thet DICP believes that Petitioner's alleged CRPS is related to the administration of a Tdap vaccine. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum of $1,610.69, which amount represents reimbursement of a Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to Petitioner, and
    Commonwealth of Massachusetts - CRU
    Commonwealth of MA
    Casualty Recovery
    P.O. Box 417811
    Boston, MA 02241-7811
  Petitioner agrees to endorse this check to the appropriate State agency; and

- A lump sum payment of $130,000, in the form of a check payable to Petitioner.

These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] On February 4, 2016, at the request of the parties, I issued a 15 week order in this case. Based on the filing of the proffer, I hereby vacate the 15 week order.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DUKE DUQUETTE,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 14-1144V<br>Special Master Corcoran<br>ECF |

## RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES

On November 24, 2014, Duke Duquette ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner received a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on June 13, 2012, and subsequently suffered Complex Regional Pain Syndrome ("CRPS") and lymphadenopathy which were caused-in-fact by the Tdap vaccine.

Medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have reviewed the Petition and medical records filed in the case to determine whether petitioner qualifies for compensation under the Vaccine Act. DICP has concluded that compensation is appropriate in this case. In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as her responsive report.

## FACTUAL SUMMARY

Petitioner was born on February 17, 1964. He received a Tdap vaccine on June 13, 2012. The site of the injection was not documented. In a Decision dated May 22, 2015, the

1

special master found that the vaccination was administered in petitioner's left arm. Petitioner presented to the emergency room two days later, on June 15, 2012, with pain and swelling in the left side of his neck for the previous one to two days. The history of the tetanus shot was documented. He was treated with intravenous antibiotics for possible cellulitis and dismissed, to be followed as an outpatient. Petitioner's Exhibit ("Pet. Ex.") 4 at 50-53, 59.

Petitioner was seen in Urgent Care on June 16, 2012 for follow-up. He complained of significant pain in the left arm since he had gone to the emergency room. He was referred back to the emergency room for evaluation. Pet. Ex. 5 at 6. Petitioner returned to the emergency room on June 17, 2012, and reported that his symptoms had progressed to left jaw pain and swelling of the left hand. The diagnosis was muscle pain. Pet. Ex. 4 at 66-70. On June 19, 2012, petitioner was again seen in Urgent Care because his left arm was becoming achy and swollen. Pet. Ex. 5 at 7-8.

Petitioner was evaluated by a thoracic surgeon on July 11, 2012. The impression was recent onset of inflammation and probable infection in the left supraclavicular fossa. He had surgery for bronchoscopy and lymph node biopsies on July 19, 2012. Pet. Ex. 7 at 5-6. Petitioner seemed to improve but was again seen in the emergency room of October 19, 2012 for severe left arm pain. Pet. Ex. 4 at 117-119.

Petitioner was seen by a neurologist on January 14, 2013 and March 1, 2013. A history was given noting onset of pain after the Tdap immunization. An EMG was performed on February 13, 2013, which showed mild acute denervation changes in the left C-8 and C-5 innervated muscles. Pet. Ex. 9 at 1-10. The possibility of CRPS was noted. Referral was made to an orthopedist and petitioner was evaluated by the orthopedist on March 18, 2013. The orthopedist believed petitioner most likely suffered from CRPS. Pet. Ex. 10 at 1-2.

Petitioner was then seen by a rheumatologist on March 20, 2013, and the rheumatologist confirmed the diagnosis as CRPS.  Pet. Ex. 11.

By November 26, 2013, petitioner was having continued pain in his left arm and shoulder.  He was not able to move the arm due to pain and he had contractures due to immobility.  Pet. Ex. 13 at 34-37.

## ANALYSIS

DICP believes that petitioner's alleged CRPS is related to the administration of a Tdap vaccine.  As such, DICP agrees that petitioner's claim satisfies the *Althen* requirements and that his alleged injury was caused-in-fact by a vaccination.  *See Althen v. HHS*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  No other cause for petitioner's condition has been identified.  *See* 42 U.S.C. § 300aa-13(a)(1)(B).  Based on the medical records outlined above, petitioner has met the statutory requirements by suffering the residual effects of his condition for more than six months.  *See id.* at § 300aa-11(c)(1)(D)(i).  Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

## PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $131,610.69, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through the following lump sum payments:

    a) a lump sum of $1,610.69, which amount represents reimbursement of a Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner, and

> Commonwealth of Massachusetts - CRU
> Commonwealth of MA
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811

Petitioner agrees to endorse this check to the appropriate State agency.

b) a lump sum payment of $130,000, in the form of a check payable to petitioner.[1]

Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

                Respectfully submitted,

                BENJAMIN C. MIZER
                Principal Deputy Assistant Attorney General

                RUPA BHATTACHARYYA
                Director
                Torts Branch, Civil Division

                VINCENT J. MATANOSKI
                Deputy Director
                Torts Branch, Civil Division

                GLENN A. MACLEOD
                Senior Trial Counsel
                Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                          s/Michael P. Milmoe
                          MICHAEL P. MILMOE
                          Senior Trial Counsel
                          Torts Branch, Civil Division
                          U.S. Department of Justice
                          P.O. Box 146
                          Benjamin Franklin Station
                          Washington, D.C. 20044-0146
                          Tel:  (202) 616-4125

Date:   May 13, 2016