# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-1144V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| DUKE DUQUETTE, | |
| Petitioner, | Filed: May 16, 2016 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision; Attorney's Fees and Costs. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Howard S. Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Michael P. Milmoe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On November 24, 2014, Duke Duquette filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. On May 13, 2016, Respondent filed a proffer proposing an award of compensation.[3] ECF No. 25. I subsequently issued a decision on

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] On February 4, 2016, at the request of the parties, I issued a 15-week order in this case. *See* Decision Awarding Compensation (ECF No. 26) at 2, n. 3. Based on the filing of the proffer, I vacated the 15-week order.

May 16, 2016, concluding that the proffer was reasonable and, therefore, adopting it as my decision awarding Petitioner damages. ECF No. 26.

Petitioner has now filed an unopposed motion for attorney's fees and costs (dated May 16, 2016). ECF No. 27. Petitioner requests reimbursement of attorney's fees and costs in the amount of $11,003.44. *Id*. This amount represents a sum to which Respondent does not object. *Id*. In addition, and in compliance with General Order No. 9, Petitioner's counsel represents that Petitioner did not incur out-of-pocket, litigation-related expenses in conjunction with this proceeding. *Id.*

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $11,003.44 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Howard S. Gold, Esq., for all attorney's fees and costs. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.